## CHESTER A. LeROCKER, PROSECUTOR, v. BOROUGH OF BOGOTA, RESPONDENT.

Submitted January 30, 1926—Decided July 13, 1926.

1. On May 29th, 1925, when the report of the assessment commissioners of the borough of Bogota was made and filed with, and certified to, the local governing body for confirmation, chapter 228 of *Pamph. L.* 1924 had been repealed, and on that date, by the provisions of chapter 71 of *Pamph. L.* 1925, the local governing body was the proper authority to confirm the assessments.

2. Where the report of assessment commissioners under the "Home Rule act" (*Pamph. L.* 1917, *ch.* 152, and its amendments), after reciting, among other things, that a public hearing was held, states that, after having ascertained the total cost, &c., of the improvement, they thereupon personally examined and determined that the lands which they specified were specially benefited by such improvement in amounts stated by them, such assessment will not be set aside upon the mere objection by the owner of the land that the assessment commissioners "did not examine the work and view the lands until after they had held the public hearing," there being no evidence in contradiction of their report and no injury to the landowner asserted.

On *certiorari,* &c.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *DeTurck & West.*

For the respondent, *Benjamin R. Buffet* and *Edward A. Kenny.*

The opinion of the court was delivered by

TRENCHARD, J. The prosecutor seeks to set aside an assessment against his property imposed by reason of the improvement of Palisade avenue, in the borough of Bogota.

His first point is that the governing body of the borough had no authority to confirm the report of the commissioners of assessment, his contention being that it should have been confirmed by the Circuit Court.

We think that this point is ill-founded in law.

The chronology of the various steps of the improvement, and of the pertinent statutes, is as follows:

On July 10th, 1923, the ordinance was passed for the improvement; on August 28th, 1923, the contract for the work was awarded; on November 27th, 1923, the work was completed; on February 14th, 1924, the notice was given to the assessment commissioners of the cost for the purpose of assessment; on March 12th, 1924, the statute (*Pamph. L.* 1924, *ch.* 228) was passed providing for the confirmation by the Circuit Court of reports of assessment commissioners; on June 13th, 1924, there was a hearing before the assessment commissioners of those interested in improvement; on March 12th, 1925, the statute of 1924, providing for confirmation by the Circuit Court, was repealed by *Pamph. L.* 1925, *p.* 233, *ch.* 71, which provided for the confirmation of such reports by .the governing bodies of municipalities; on May 29th, 1925, the assessment commissioners made and filed their report with the governing body of the borough; on June 1st, 1925, the commissioners' report was confirmed by such governing body.

We now proceed to examine the only statutes which have been called to our attention.

*Pamph. L.* 1924, *p.* 501, *ch.* 228, in effect March 12th, 1924, amended section 27 of article 20 of *Pamph. L.* 1917, *p.* 319, *ch.* 152 (known as the "Home Rule act"), and provided that assessments for benefits should be confirmed by the Circuit Court instead of the local governing body. *Pamph. L.* 1924, *ch.* 228, was repealed on March 12th, 1925, by *Pamph. L.* 1925, *ch.* 71, which took effect immediately. Section 7 of chapter 71, however, contained a saving clause, as follows: "Provided, however, that the repeal of said act (*i. e., Pamph. L.* 1924, *ch.* 228) shall not operate to vacate impair or in anywise interfere with any proceeding or proceedings instituted pursuant to the provisions of said act, and all such proceedings shall be continued and concluded in the manner in said act directed."

The Home Rule act (*Pamph. L.* 1917, *ch.* 152) is an act dealing with municipalities. Article 20 of this chapter deals with improvements.

Section 14 of article 20 provides that upon the completion of any local improvement the body in charge thereof shall notify the assessors and request that a proper assessment be made on any lands benefited by the improvement, and shall furnish the assessors with a statement showing in detail the cost of such improvement. This section of the law was not amended or affected by *Pamph. L.* 1924, *ch.* 228. Section 19 provides that the assessors before the commencement of their duties shall be sworn properly. This section was not amended or affected by *Pamph. L.* 1924, *ch.* 228. Section 20 provides that the assessors shall examine the work and view all lands and real estate benefited by the improvement, and thereupon fix a time and place for the hearing of all persons interested, and give notice of such hearing. This section was not amended or affected by *Pamph. L.* 1924, *ch.* 228. Section 21 provides that the assessors shall give all parties interested or affected by the improvement ample opportunity to be heard upon the subject of assessment; and thereby the assessors are given power to examine witnesses under oath, and are directed to make a just and equitable assessment of the benefits conferred upon the lands by the improvement. This section was not amended or affected by *Pamph. L.* 1924, *ch.* 228. Section 23 deals with improvement ordinances which shall require the taking of lands or real estate, and was amended by *Pamph. L.* 1924, *ch.* 228; but this section does not affect the present issue, since the improvement here involved was not one which required the taking of lands or real estate. Section 27 deals with the procedure for confirming the assessments for benefits, and was amended by *Pamph. L.* 1924, *ch.* 228, by taking from the local governing body the power to confirm the assessments and giving it to the Circuit Court. Section 29 deals with the duties of the collector, and was also amended by *Pamph. L.* 1924, *ch.* 228. Section 30 makes the assessment a lien upon confirmation, and was also amended by *Pamph. L.* 1924, *ch.* 228.

Section 42 was repealed by *Pamph. L.* 1924, *ch.* 228. To summarize, *Pamph. L.* 1924, *ch.* 228, affected section 23, 27, 29, 30 and 42 of article 20 of the Home Rule act.

This examination of the statute shows that the only proceedings which could be affected by *Pamph. L.* 1924, *ch.* 228, was either a proceeding under section 23, that is a public improvement requiring the taking of lands, or a proceeding under section 27 to confirm an assessment for benefits. No part of the Home Rule act dealing with the passing of the ordinance or of the procedure of levying the assessment by the assessment commissioners was affected by *Pamph. L.* 1924, *ch.* 228. It follows, therefore, that when section 7 of *Pamph. L.* 1925, *ch.* 71, repealed chapter 228 of *Pamph. L.* 1924, but provided that the repeal should not operate to vacate, impair or in anywise interfere with any proceeding or proceedings instituted pursuant to the provisons of *Pamph. L.* 1924, *ch.* 228, and that all proceedings should be continued and concluded in the manner in said act directed, it referred to two, and only two, proceedings—(1) where the improvement ordinance required the taking of lands or real estate (not involved in this proceeding); (2) where the assessment has been made by assessors pursuant to the various sections of *Pamph. L.* 1917, *ch.* 152, and these assessments have been certified to the Circuit Court for confirmation.

In other words, *Pamph. L.* 1924, *ch.* 228, could not affect in anywise any act or proceeding in connection with the assessments involved herein until the assessments had been made and were ready to be filed and certified for confirmation. All acts prior to that time were done pursuant to *Pamph. L.* 1917, *ch.* 152, and the various acts amending it prior to 1924.

On May 29th, 1925, when the report of the assessment commissioners was made and filed with and certified to the governing body for confirmation, *Pamph. L.* 1924, *ch.* 228, had been repealed, and on that date, by the provisions of *Pamph. L.* 1925, *ch.* 71, the governing body was the proper authority to confirm the assessments.

The only other point made by the prosecutor is that the assessment should be set aside, for the reason that the assess-

ment commissioners did not examine the work and view the lands until after they held the public hearing.

We think that contention is not well founded either in point of law or in point of fact.

A careful reading of the report shows that there is no basis for the prosecutor's interpretation of the report. After reciting, among other things, that a public hearing was held, the report says: "We ascertained the total costs, damages and expenses incurred in and about said improvement and reimprovement of Palisade avenue to be the sum of $105,858.35; thereupon we, the said undersigned members of the general board of assessment commissioners, personally examined and determined that the lands, within the limit of our authority, viz., within the borough of Bogota, in the county of Bergen and State of New Jersey, were specially benefited by said improvement and reimprovement of Palisade avenue," and further specified the lands so benefited and the amount of such benefits.

The mistake of the prosecutor is in referring the word "thereupon" back to a preceding sentence in the report, which, among other things, recited that a public hearing was held. The word "thereupon" logically and grammatically refers to the preceding clause of the same sentence, to wit: "We ascertained the total cost, damages and expenses incurred in and about said improvement of Palisade avenue to be the sum of $105,858.35;" thereupon, &c.

In other words, the report recites that after the commissioners ascertained the total cost, &c., they thereupon personally examined and determined that the lands, &c., and there is no evidence—not even the slightest—that they did not examine the work and view the lands until after the hearing. Moreover, it will be observed in this connection that section 14 of article 20 provides that after the completion of the improvement the body in charge thereof shall notify the assessors and request a proper assessment, and furnish the assessors with a statement showing in detail the cost of the improvement, and it will be presumed in the absence of evidence to the contrary, of which there is none,

that this was done at the time and in the manner provided for by the statute. And it is to be further observed in this connection that section 30 of article 20 provides that every assessment for local improvements shall, upon confirmation by the governing body be a first and paramount lien, "* * * notwithstanding any lack of form therein or in any other proceeding which does not impair the substantial rights of the owner or owners or other person or persons having a lien upon or interest in any such lot of land; all assessments for local improvements shall be presumed to have been regularly assessed and confirmed, and every assessment or proceeding preliminary thereto shall be presumed to have been regularly made or conducted until the contrary be shown."

If, however, it be assumed that the public hearing did precede the viewing of the work and lands, this fact would not justify setting aside the assessment where, as here, no injury to the prosecutor is asserted on account thereof. *McCarty* v. *Boulevard Commissioners of Hudson County,* 91 *N. J. L.* 137; *affirmed,* 92 *Id.* 519. In this connection it will be observed that section 30 of article 20 provides that informalities which do not impair the substantial rights of the owner shall be disregarded.

The assessment under review will be affirmed, with costs.